1    MELINDA S. RIECHERT, State Bar No. 65504
     MORGAN, LEWIS & BOCKIUS LLP
2    2 Palo Alto Square
     3000 El Camino Real, Suite 700
3    Palo Alto, CA  94306-2122
     Tel:  650.843.4000
4    Fax:  650.843.4001
     E-mail:  mriechert@morganlewis.com
5
     Attorneys for Defendant
6    BAYER HEALTHCARE LLC

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   FANG-YUH HSIEH,                          Case No. CV 08-2378 WHA

12                   Plaintiff,               **DEFENDANT BAYER HEALTHCARE
                                              LLC'S ANSWER TO PLAINTIFF FANG-
13            vs.                             YUH HSIEH'S COMPLAINT**

14   BAYER HEALTH CARE LLC,

15                   Defendant.

16

17        Defendant Bayer HealthCare LLC ("Defendant") by and through its attorneys, hereby

18   answers Plaintiff Fang-Yuh Hsieh's ("Plaintiff") Complaint in the above referenced matter as

19   follows:

20        1.      Defendant is without sufficient information to either admit or deny the allegations

21   contained in Paragraph 1 of the Complaint, and on that ground denies each and every such

22   allegation.

23        2.      Answering Paragraph 2, Defendant admits that it is located at 800 Dwight Way,

24   Berkeley, CA  94710.

25        3.      Answering Paragraph 3, Defendant admits the allegations contained in said

26   Paragraph..

27        4.      Answering Paragraph 4, Defendant admits that Plaintiff is making the claims

28   contained in said Paragraph.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7710154.2                              DEFENDANT'S ANSWER TO PLAINTIFF'S
                                            COMPLAINT (CASE NO. CV 08-2378 WHA)

5.    Answering Paragraph 5, Defendant denies each and every allegation contained in said Paragraph.

6.    Answering Paragraph 6, Defendant admits that Plaintiff was hired by Defendant in 2005 as a biostatistician, that he received an "exceeds expectations" performance evaluation for year-end 2005, that he was interviewed in connection with the sexual harassment investigation brought forth by Dr. Linda Perey against her then-supervisor, Eduard Gorina, that Plaintiff filed a charge of discrimination with the EEOC in September 2007, and that Plaintiff's job was eliminated in March 3, 2008.  Except as expressly admitted, Defendant denies each and every allegations contained in Paragraph 6 of the Complaint.

7.    Answering Paragraph 7, Defendant denies each and every allegation contained in said Paragraph.

8.    Answering Paragraph 8, Defendant denies the allegations contained in said Paragraph.

9.    Answering Paragraph 9, Defendant admits that the EEOC issued a Notice-of-Right to Sue on May 6, 2008, which was likely received by Plaintiff on May 7, 2008.

10.    Answering Paragraph 10, Defendant admits that Plaintiff demands a jury trial.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the claims asserted in the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
#### (Workers Compensation Preemption)

1.    As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that to the extent that Plaintiff seeks recovery on account of physical and emotional pain and suffering, then his exclusive remedy for such damages is under California's Workers' Compensation Act.

### SECOND AFFIRMATIVE DEFENSE
#### (Statutes of Limitations)

2.    As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7710154.2

2

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT (CASE NO. CV 08-2378 WHA)

1  that certain allegations in Plaintiff's Complaint are barred by the statute of limitations contained

2  in 42 U.S.C. §2000e-5(e)(1).

3  **THIRD AFFIRMATIVE DEFENSE**
   **(After-Acquired Evidence)**

4

5  　　　3.　　As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges

6  that to the extent that Defendant acquires any evidence of wrongdoing by Plaintiff during the

7  course of this litigation, which wrongdoing would have materially affected the terms and

8  conditions of Plaintiff's employment and/or would have resulted in Plaintiff either being

9  demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff on liability or

10 damages, or shall reduce such claims as provided by law.

11 **FOURTH AFFIRMATIVE DEFENSE**
   **(Waiver and Estoppel)**

12

13 　　　4.　　As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges

14 that Plaintiff has waived and/or is estopped from asserting, the claims upon which he seeks relief.

15 **FIFTH AFFIRMATIVE DEFENSE**
   **(Mixed Motive)**

16

17 　　　5.　　As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges

18 that to the extent discrimination or retaliation was a motivating factor in the employment

19 decisions affecting Plaintiff's employment (which Defendant denies), legitimate reasons, standing

20 alone, would have induced Defendant to make the same employment decisions

21 **SIXTH AFFIRMATIVE DEFENSE**
   **(Failure to Mitigate Damages)**

22

23 　　　6.　　As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges

24 that if Plaintiff sustained any damages by reason of the allegations in the Complaint, which

25 allegations are denied, then Plaintiff may not recover for such damages because, by his own acts

26 and omissions, Plaintiff has failed properly to mitigate those damages.

27 / / /

28 / / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7710154.2　　　　　　　　　3　　　DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT (CASE NO. CV 08-2378 WHA)

**SEVENTH AFFIRMATIVE DEFENSE**
**(Managerial Discretion)**

7.    As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that the actions taken with respect to Plaintiff's employment were the result of a just and proper exercise of managerial discretion, under the circumstances then existing, and undertaken for valid, legitimate, business reasons.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Reservation of Rights)**

8.    Defendant reserves the right to assert such additional affirmative defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by the Complaint and judgment be entered for Defendant;

2.    That Defendant be awarded all costs of suit incurred herein;

3.    That Defendant be awarded reasonable attorneys' fees; and

4.    That Defendant be granted such other and further relief as the Court deems just and proper.

Dated: June 2, 2008                         MORGAN, LEWIS & BOCKIUS LLP


By _____/ s /_____
                                            Melinda S. Riechert

                                            Attorneys for Defendant
                                            BAYER HEALTHCARE LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7710154.2                    4        DEFENDANT'S ANSWER TO PLAINTIFF'S
                                           COMPLAINT (CASE NO. CV 08-2378 WHA)