MELINDA S. RIECHERT, State Bar No. 65504
SHEILA BAPAT, State Bar No. 256689
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel:    415.442.1000
Fax:   415.442.1001
Email: sbapat@morganlewis.com

Attorneys for Defendant
Bayer HealthCare LLC

Plaintiff
FANG-YUH (FRANK) HSIEH
*pro per*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FANG-YUH HSIEH,<br><br>                    Plaintiff,<br><br>         vs.<br><br>Bayer Health Care LLC,<br><br>                    Defendant. | Case No. C 08-2378 WHA<br><br>**JOINT RULE 26(F) REPORT, CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER**<br><br>**Date:**      August 21, 2008<br>**Time:**      11 a.m.<br>**Judge:**    Honorable William H. Alsup<br>**Location:** Courtroom 9, 19th fl.<br>                   San Francisco<br>**Trial date:** Not set |

The parties, by and through their undersigned counsel, submit this Rule 26(f) Report, Case Management Statement, and Proposed Case Management Order in anticipation of the case management conference scheduled for August 21, 2008, at 11 a.m. in Courtroom 9 before the Honorable William H. Alsup.

**I.      JURISDICTION AND SERVICE:**

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331, which states that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." As Plaintiff's Complaint alleges claims under Title VII of the Civil Rights Act of 1964, a federal statute, this Court has jurisdiction

1                                              JOINT RULE 26(F) REPORT AND CASE
                                                         MANAGEMENT STATEMENT
                                                         (C 08-2378 WHA)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1  to hear this matter.  No issues exist with respect to personal jurisdiction or venue.

2  **II.    BRIEF SUMMARY OF CASE (CLAIMS AND DEFENSES)**

3      **A.    Plaintiff's Description of the Case**

4      Plaintiff was employed by Defendant on June 6, 2005 as a Statistician.  Plaintiff's 2005

5  year-end performance evaluation, dated February 13, 2006, had exceeded expectation.  Due to

6  Plaintiff's excellent performance in 2005 and early 2006, Plaintiff was also designated to receive

7  a Special Recognition Award (SRA) from Defendant.

8      On or around March 20, 2006, Plaintiff participated in an internal investigation in

9  connection with the sexual harassment complaint brought forth by Dr. Linda Perey against her

10  then-supervisor, Dr. Eduard Gorina.  Right after the investigation, Gorina was stripped of his

11  management position.  He then conducted his own investigation by interviewing individually

12  whoever had participated in the investigation.  In a one-on-one meeting, Gorina told me that he

13  was told as a bad manager and that he would bring someone down with him since he had nothing

14  to lose.

15      Although Gorina was no longer Plaintiff's supervisor, his position as a Global Clinical

106  Leader continued to provide him authority over Plaintiff.  Dr. Gorina then created a hostile work

17  environment by withholding information and made it difficult for Plaintiff to work in the projects.

18  In June 2006, Gorina presented Plaintiff a Bayer's 2005 Special Recognition Award (SRA) by

19  throwing the SRA plate on Plaintiff's desk.  Plaintiff immediately reported the incident to the new

20  supervisor, Dr. Georg Lemm.

21      From April 2006 to September 2006, Plaintiff's repeated complaints of reprisal and hostile

22  work environment did not receive any intervention from Lemm, the Ombudsman or the HR

23  Representative.  In October 2006, Lemm told Plaintiff that he was tired of Plaintiff's repeated

24  complaints and started isolating Plaintiff from any project involvement or discussion to prevent

25  Plaintiff from any contact with Gorina.  Lemm also cancelled most of the weekly one-on-one

26  meetings with Plaintiff.

27      In February 2007, Lemm gave Plaintiff a negative year-end evaluation for 2006 and told

28  Plaintiff "now you cannot sue."  With the bad year-end performance evaluation, Plaintiff did not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

2

JOINT RULE 26(F) REPORT AND CASE
MANAGEMENT STATEMENT
(C 08-2378 WHA)

1  receive a merit increase (for around $4,500). Later Lemm gave Plaintiff around half of the year-
2  end bonus ($9,533). As a result, Plaintiff damage due to this bad year-end performance
3  evaluation is around $15,000. Plaintiff was expecting an "Exceeded Expectation" for 2006 year-
4  end performance review due to his accomplishment of a Phase-I study report within two weeks in
5  contrast to 17 weeks specified in the Bayer's Standard Operation Procedure PD-OM-003. On
6  February 21, 2007, Plaintiff complained to HR Representative Kris Weidling, who told Plaintiff
7  that the performance evaluation was not negotiable and suggested that Plaintiff find another job.
8        On June 25, 2007, a younger, less-experienced Caucasian statistician from West Haven,
9  Connecticut, Larry Schwartz, was promoted to take over Plaintiff's responsibility in Berkeley at
10 the request of Gorina. Plaintiff missed the opportunity for promotion. Nevertheless, Plaintiff
11 continued to successfully complete all the works for Berkeley projects while Mr. Schwartz signed
12 and traveled as the statistician for all of Plaintiff's projects in Berkeley.
13       In early September 2007, Plaintiff filed a complaint at EEOC. In late September 2007,
14 Bayer started an internal investigation of Plaintiff's EEO complaint. On January 23, 2008,
15 Weidling gave two letters, one to Plaintiff and the other to Gorina, regarding the conclusion of
106 Bayer's EEO investigation of Plaintiff's complaint at the EEOC. Immediately following the
17 meeting with Weidling, Lemm in a performance evaluation meeting told Plaintiff, "I will get
18 you" because the EEO conclusion was a surprise to him. He also said that Plaintiff didn't
19 accomplish anything at all in 2007 and gave Plaintiff a bad 2007 year-end performance
20 evaluation.
21       Due to the success of the FDA submission of JOS study in 2007, On January 24, 2008,
22 Plaintiff requested a promotion that had been promised to him in 2007. However, Plaintiff's
23 request for a promotion was rejected. On March 3, 2008, Plaintiff was escorted out of his office
24 by both Weidling and Lemm and became jobless since then. According to Lemm, Plaintiff's
25 statistician job responsibilities in Berkeley were remotely taken over by two less-experienced,
26 less-qualified younger Caucasian statisticians, one in Connecticut and the other in Germany, in
27 addition to other temporary statistician positions.
28

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

3

JOINT RULE 26(F) REPORT AND CASE
MANAGEMENT STATEMENT
(C 08-2378 WHA)

**B.    Defendant's Description of the Case**

Plaintiff was employed by Defendant as a biostatistician in its Berkeley facility. Defendant terminated Plaintiff's employment on March 3, 2008 because it no longer needed a stand-alone biostatistician in Berkeley. A number of factors went into this decision, including Plaintiff's performance of his duties, and the re-organization at Bayer following the Bayer/Schering integration. Plaintiff's position in Berkeley was not replaced. Defendant did not terminate Plaintiff's employment because of his age or his race, because he had filed an EEOC charge against Defendant, or because he participated in a sexual harassment investigation.

Defendant refutes the allegations and statements made in Plaintiff's Description of the Case.

**C.    Factual and Legal Issues in Dispute**

**Defendant's statement:[1]**

Defendant presents that, at this point, the following factual and legal issues are in dispute:

1.   Whether Plaintiff's employment was terminated because of his age and his race, because he had filed an EEOC charge, or because he participated in a sexual harassment investigation;

2.   The damages suffered by Plaintiff;

3.   Whether Plaintiff made reasonable effort to mitigate his damages.

**Plaintiff's statement:**

Plaintiff presents that, at this point, the following factual and legal issues are in dispute.

1.   Whether Plaintiff received bad year-end performance evaluations for 2006 and 2007 because of his age, his race, and his national origin, because he had filed an EEOC charge, or because he participated in a sexual harassment investigation;

2.   Whether Plaintiff's request for promotion was denied because of his age, his race, and his national origin, because he had filed an EEOC charge, or because he participated in a sexual harassment investigation;

---

[1] Defendant asserts that Plaintiff's statement of factual and legal issues in dispute reflects allegations that are not at issue in the Complaint in this action.

3. Whether Defendants failed to take prompt and appropriate corrective action once on notice of the retaliatory harassments;

4. Whether Defendants' statements in evaluating Plaintiff are defamatory.

**D.  Third Parties**

Defendant knows of no third parties that should be added to this action. Defendant is aware that Plaintiff wishes to amend his complaint to add an additional Defendant.

**E.  Disclosure of Non-party Interested Entities or Persons**

Neither party has filed a Certification of Interested Entities or Persons.

### III. LAW AND MOTION MATTERS

Both parties anticipate filing a motion for summary judgment.

### IV. ALTERNATIVE DISPUTE RESOLUTION

Both parties are willing to mediate this case. To this end, on August 12, 2008, the parties filed a Stipulation and Proposed Order agreeing to mediate this matter within 90 days after the Court signs the ADR Order.

### V. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Neither party wishes to have this matter heard by a magistrate judge, but will defer to this Court's recommendation on this issue.

### VI. OTHER REFERENCES

Currently, neither party has a position as to whether this case is suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### VII. NARROWING OF ISSUES

Currently, neither party believes that any issues related to this case may be narrowed by agreement or by motion, nor do they believe that presentation of evidence at trial may be expedited through stipulation of facts. Currently neither party seeks to bifurcate issues, claims or defenses.

### VIII. EXPEDITED SCHEDULE

Currently, neither party has a position as to whether this case can be handled on an expedited basis with streamlined procedures.

## IX. RULE 26(A) DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on June 17, 2008, and was attended by Plaintiff (Pro Se) and Counsel for Defendant. In the meeting, Plaintiff made his initial disclosures in this matter. Defendant agrees to make the requisite initial disclosures under Federal Rule of Civil Procedure 26 on or before August 14, 2008.

## X. DISCOVERY PLAN

**A.   26(f)(1): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made.**

The parties do not propose any changes to the form or requirements for disclosures under Rule 26(a).

**B.   26(f)(2): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

Significant discovery has already taken place. The parties propose a discovery cut-off date of November 3, 2008. The parties see no reason to conduct discovery in phases.

**C.   26(f)(3): What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules; and what other limitations should be imposed.**

The parties do not require any changes to the limitations on discovery proposed by the Federal Rules or Local Rules.

## XI. PROPOSED DISCOVERY, MOTION AND TRIAL SCHEDULE

The parties discussed dates for the progress of this case. The following schedule is proposed by the parties:

**A.   Discovery:**

**Discovery Cut-off** (including discovery to be compelled by motion):

November 3, 2008.

**Discovery conducted by Plaintiff:**

Plaintiff has propounded four sets of requests for production of documents, three sets of interrogatories, and one set of requests for admissions, all of which Defendant has responded to.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

6

JOINT RULE 26(F) REPORT AND CASE
MANAGEMENT STATEMENT
(C 08-2378 WHA)

1  Defendant has produced numerous documents to Plaintiff responsive to his requests. Plaintiff
2  took the deposition of his manager Georg Lemm, on July 7, 2008.
3  **Discovery conducted by Defendant:**
4  Defendant took the deposition of Plaintiff on June 30, 2008. Defendant has propounded
5  one set of requests for production of documents to Plaintiff. Plaintiff has responded to
6  Defendant's request for production of documents and produced numerous documents to
7  Defendant responsive to its requests.
8  **Evidence preservation:**
9  Both parties are taking steps to ensure they are preserving evidence relevant to the issues
10  reasonably evident in this action.
11  **Additional Dates:**
12  Last date to add new parties or amend pleadings: November 3, 2008.
13  Non-expert discovery cutoff: November 3, 2008.
14  Motion Cut-off (for filings and service): December 1, 2008
15  Motion Cut-off (for hearings): January 16, 2009
106  Expert Disclosures: February 13, 2009
17  Expert Discovery Cut-off: March 13, 2009
18  Final Pretrial Conference: April 13, 2009
19  Trial: May 4, 2009
20  **Estimate of trial time:** The parties anticipate that trial of this matter will take 5 full days.
21  **Class Actions:** This action is not a class action.
22  **Related Cases:** There are no cases related to this action.
23  **Relief:**
24  **Plaintiff's position:**
25  Plaintiff claims damages including bonuses and annual merit increases due to bad 2006
26  and 2007 year-end performance evaluations, failure to promote, compensations for mental
27  distress, and general damages. Plaintiff also claims back pay and front pay due to wrongful
28  termination.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

7

JOINT RULE 26(F) REPORT AND CASE
MANAGEMENT STATEMENT
(C 08-2378 WHA)

**Defendant's position:**

Defendant denies that it owes Plaintiff any damages. Defendant further claims that Plaintiff has failed to adequately mitigate his damages.

**Other Orders Under Rule 26(c) or Rule 16(b) and (c):**

The parties at this time do not anticipate asking the Court to enter any orders pursuant to Rule 26(c) or Rule 16(b) and (c), other than orders concerning the subjects already discussed in this report.

Dated: August 14, 2008     MORGAN, LEWIS & BOCKIUS LLP

By /s/ Melinda S. Riechert
Melinda S. Riechert

Attorneys for Defendant
Bayer HealthCare LLC

Dated: August 14, 2008     By /s/ Frank Hsieh
Fang-Yuh (Frank) Hsieh
*pro per*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

8

JOINT RULE 26(F) REPORT AND CASE
MANAGEMENT STATEMENT
(C 08-2378 WHA)

## CASE MANAGEMENT ORDER

The joint Rule 26(f) report and Case Management Statement, along with the Proposed Order, are hereby adopted by this Court and the parties are ordered to comply with this order.

Date: August \_\_\_\_, 2008

_____
Hon. William H. Alsup

**PROOF OF SERVICE**

I, the undersigned, declare:

I am over the age of eighteen (18) years, and not a party to the within action. I am employed by Morgan, Lewis & Bockius, LLP and my business address is One Market, Spear Street Tower, San Francisco, California, 94105.

On August 14, 2008, I served the following document(s):

**JOINT RULE 26(F) REPORT, CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER**

on the parties involved addressed as follows:

Fang-Yuh Hsieh                                                   In Propria Persona
1394 University Avenue
Palo Alto, CA  94301

Tel:    650.462.1628

[   ]   **BY PERSONAL DELIVERY:** The within document(s) were served by hand in an envelope addressed to the addressee(s) above on this date. The Proof of Service by the process server will be filed within five (5) days.

[   ]   **BY U.S. MAIL:** I am readily familiar with my employer's practice for collection and processing of documents for mailing with the United States Postal Service and that practice is that the documents are deposited with the United States Postal Service with postage fully prepaid the same day as the day of collection in the ordinary course of business. On this date, I served the above interested parties following my employer's ordinary business practices.

[   ]   **BY FACSIMILE:** By use of a facsimile machine telephone number 415/442-1001, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above. The transmission was reported as complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting facsimile machine.

[ X ]   **BY FEDERAL EXPRESS OVERNIGHT DELIVERY:** I caused each envelope, with delivery fees provided for, to be deposited in a box regularly maintained by Federal Express. I am readily familiar with the practice for collection and processing of documents for delivery by overnight service by Federal Express of Morgan, Lewis & Bockius, LLP, and that practice is that the document(s) are deposited with a regularly maintained Federal Express facility in an envelope or package designated by Federal Express fully prepaid the same day as the day of collection in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on August 14, 2008.

/s/ Monica Brennan
Monica Brennan

DB2/20804147.6